IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPINEWAY SA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| STRATEGOS GROUP LLC, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITION AND MOTION TO CONFIRM
A FINAL FOREIGN ARBITRATION AWARD**

Petitioner Spineway SA ("Spineway") petitions and moves pursuant to 9 U.S.C. § 207 for an order confirming a final foreign arbitration award issued against respondent Strategos Group LLC ("Strategos").

**PRELIMINARY STATEMENT**

1. Spineway and Strategos entered a contract in March 2019. That contract:

    (a) required Strategos to sell and Spineway to purchase a 52% ownership interest in a Luxemburg securitization fund over a thirty-six month period pursuant to ongoing installment payments. The fund indirectly owned medical clinics in Colombia, South America.;

    (b) required the parties to enter a partnership agreement that addressed the import and distribution of Spineway products in Colombia and other Latin American countries, the establishment of a spinal surgery center in Colombia, and the pursuit of clinical research projects at the surgery center;

    (c) provided that the contract would terminate, and the parties would return to their initial positions—including the return to Spineway of any amounts

1

    paid for equity interests in the securitization fund—if the parties did not enter the partnership agreement within six months; and

    (d) required any dispute related to the contract to be resolved by a final decision of an arbitrator in Geneva, Switzerland.

  2. Between March and September 2019, the first six months the contract was in place, Spineway paid Strategos installment payments of €4,160,000 for an approximate 7% ownership interest in the securitization fund; however, the parties did not reach agreement on the terms of a partnership agreement during that period. This failure triggered Spineway's right to terminate the contract and the obligation that all parties be returned to their initial positions, including Strategos' obligation to return the €4,160,000 that Spineway already had paid for ownership interests in the fund.

  3. After Spineway gave notice of termination due to the parties' failure to enter the partnership agreement, Strategos failed to return the €4,160,000.

  4. On September 14, 2020, Spineway initiated an arbitration proceeding in Geneva, Switzerland seeking the return of the €4,160,000 plus other relief. Strategos was repeatedly advised of the pending arbitration—including through communications to an email address that Strategos' principal used throughout the negotiation of the contract and thereafter and by sending copies of arbitration filings to Strategos' Delaware registered agent—and was repeatedly asked to take an active part in the arbitration. Notwithstanding those overtures, Strategos chose not to participate in the arbitration.

  5. On January 20, 2022, Professor Blaise Carron, a Swiss attorney located in Geneva, Switzerland, acting as a sole arbitrator (the "Arbitrator"), issued a Final Award in the arbitration

proceeding.[1]  The Final Award agreed with some of the legal arguments raised by Spineway and disagreed with others.  It also granted some, but not all, of the relief sought by Spineway.  In the Final Award, the Arbitrator:

- Held that the contract was terminated due the parties' failure to enter a partnership agreement during the relevant period;

- Held that Strategos must pay Spineway €4,160,000 plus legal interest on the €4,160,000 from October 23, 2019 to the date of payment, Ex. 2 ¶¶259-260; and

- Awarded Spineway 143,820.05 Swiss francs and €105,314.20 to cover the arbitration costs and legal fees Spineway incurred in the arbitration proceeding, Ex. 2 ¶290.

6. Decisions of arbitrators are entitled to considerable deference and Spineway respectfully requests that the Court confirm the Final Award and enter the proposed form of Order attached hereto.

## PARTIES

7. Spineway is a corporation organized under the laws of France.  Ex. 2 ¶73.  Spineway's principal place of business also is in France.

8. Strategos is a Delaware limited liability company.  Ex. 2 ¶74.  At all times relevant to these proceedings, including currently, Apex Resident Agent Services LLC served as Strategos' Delaware registered agent, and it maintains an office at 2701 Centerville Road, Wilmington,

---

[1] The arbitration proceeding and the Final Award issued as a result of the proceeding were in French as required by Article 10.2 of the parties' contract.  A certified copy of the Final Award as issued in French is attached as Exhibit 1.  A translated copy of the Final Award is attached as Exhibit 2.  A certified copy of the parties' contract, also in French, is attached as Exhibit 3.  A translated copy of the parties' contract is attached as Exhibit 4.

Delaware 19808. *Id.* Delaware law requires Strategos to have a registered agent in Delaware for the purpose of accepting "service of process on the limited liability company …." 6 *Del. C.* § 18-104(a)(2).

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to 9 U.S.C. §§ 202 and 203 because the dispute concerns an arbitration award arising out of a commercial contract between entities that are not entirely domestic, and the arbitration award was issued in Switzerland, a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, commonly known as the New York Convention. *Nanko Shipping, Guinea v. Alcoa, Inc.*, 330 F. Supp.3d 439, 446 (D. D.C. 2018) ("the Court finds that the New York Convention and the FAA apply because there is a written agreement; the written agreement provides for arbitration in Switzerland, a signatory to the New York Convention; the disagreement arises out of a commercial relationship; and the dispute is not entirely domestic").

10. Venue is proper in this district as Strategos is a Delaware limited liability company and pursuant to 9 U.S.C. § 204.

## FACTS

**A.     Background**

11. In 2018, Spineway and Strategos, acting through its representative Luc Gérard, began discussing collaborating on a business venture centered in Colombia, South America. Ex. 2 ¶¶75-80. The discussions included Spineway's desire for an "acceleration of the growth of [Spineway's] sales" of its products in Latin America, Ex. 2 ¶7, as well as Spineway making an equity investment in a securitization fund Strategos was creating (the "Fund") that would indirectly

own medical clinics in Colombia, Ex. 2 ¶¶76-77.  The parties were represented by legal counsel in their negotiations.  Ex. 2 ¶80.

12. On March 19, 2019, the parties signed a "bilateral promise of sale and purchase under conditions precedent combined with a unilateral promise to sell" (the "Contract").  Ex. 2 ¶81 and Ex. 4.  Mr. Gérard signed the Contract for Strategos.  Ex. 4 at page 24.

13. Article 2.1 of the Contract provided that Strategos "expressly and irrevocably undertakes to transfer to [Spineway], and [Spineway] expressly and irrevocably undertakes to purchase from [Strategos], in several installments, with an initial period of 36 months […] 52% of the Shares of the Fund […] in exchange for the Payment of the Partial Price …."  Ex. 2 ¶82.

14. Article 3.4 of the Contract states that "within six (6) months from the date of the Promise, the Parties agree to enter into a commercial partnership agreement for the distribution of [Spineway] products in [Strategos'] business areas …."  Ex. 2 ¶84.  The partnership agreement was supposed to "include a list of [Spineway's] products to import, the creation of a spinal surgery center at San Rafael Hospital" and identify "common clinical research projects with this facility."  Ex. 2 page 51 of 83.

15. Article 3.4 further provided that if the parties failed to sign a partnership agreement for any reason other than Spineway's refusal to sign a balanced partnership agreement proposed by Strategos, then "this Promise will be terminated, and the Parties will revert to their initial status. Any purchase of Shares that took place during that period will be cancelled and any amounts paid by [Spineway] will be returned by [Strategos] …."  *Id.*

16. Article 10.2 of the Contract states that "Any dispute resulting from or relating to this Promise will be resolved via a final decision issued in accordance with the Mediation and Arbitration Rules of the Geneva International Chamber of Commerce by one (1) arbitrator

appointed pursuant to these Rules," and that the arbitration would occur in Geneva, Switzerland, apply French law and the proceedings would be conducted in French. Ex. 2 ¶¶11-19.

17. On March 20, 2019, Strategos issued a press release that stated, "this equity investment should allow Spineway to strengthen its position in Latin America and to accelerate significantly its sales [i]n the region through a partnership agreement to be put in place in the next six months …." Ex. 2 ¶87.

18. Between March 19, 2019 and September 27, 2019, Spineway paid Strategos €4,160,000 for 3,120 Series A shares of the Fund and 1,000 Series B shares of the Fund. Ex. 2 ¶¶225-226.

19. Between May 2019 and September 2019, the parties held several discussions and met in person in Colombia to discuss their business collaboration/partnership and to finalize a partnership agreement. Ex. 2 ¶¶100-107, 114. Mr. Gérard participated in these meetings and discussions. *Id.* Notwithstanding these efforts, the parties did not enter into a partnership agreement before September 19, 2019. Ex. 2 ¶¶108, 193, 196. Indeed, by this date, Strategos had not even created an entity to import Spineway's products or secured Colombian governmental approvals to import Spineway's products. Ex. 2 at page 51 of 83.

20. On October 16, 2019, Spineway emailed a letter to Mr. Gérard, the principal of Strategos and the individual who had negotiated and signed the Contract on behalf of Strategos, at luc.gerard@tribeca.com.co. Ex. 5. This is the same email address Mr. Gérard used throughout the parties' negotiations and subsequent business dealings. The letter advised Strategos that, as the parties had not entered a partnership agreement by September 19, 2019, the Contract was terminated. The correspondence requested return of the €4,160,000 in exchange for the shares of the Fund that had been issued to Spineway. Ex. 2 ¶¶109-110.

21. Mr. Gérard responded to the October 16 correspondence by email, copying his response to his luc.gerard@tribeca.com.co email address.  Ex. 2 ¶¶111-114; Ex. 6.

22. Strategos did not return the €4,160,000 paid by Spineway.  Ex. 2 ¶120.

**B.     The Arbitration**

23. On September 14, 2020, Spineway initiated the arbitration, captioned as *Spineway SA v. Strategos Group LLC* Case No. 300515-2020, in Geneva, Switzerland.  Ex. 2 ¶26.

24. Through the arbitration, Spineway sought a declaration that the Contract was terminated and an order directing Strategos to pay Spineway (i) €4,160,000 plus interest at the applicable legal rate (in exchange for an undertaking to return all shares in the Fund issued to Spineway within one month of receiving the payment), (ii) €252,329 in expenses Spineway incurred when negotiating and executing the Contract and performing certain activities related thereto, and (iii) the costs of the arbitration, including legal fees. Ex. 2 ¶¶9, 20, 232-247 and 261-290.

25. On September 15, 2020, the secretariat of the Swiss Arbitration Centre forwarded Spineway's arbitration notice to Strategos at 2701 Centerville Road, Wilmington, Delaware 19808, the address for Strategos' Delaware registered agent.  The secretariat's correspondence "was delivered by courier to [Strategos] on September 17, 2020."  Ex. 2 ¶27.

26. After the Arbitrator (referred to as the "Arbitral Tribunal" in the Final Award) was appointed, every time he communicated with Strategos he sent the communication by email to Mr. Gérard at the luc.gerard@tribeca.com.co email address and he sent the communication by courier

7

to Strategos at 2701 Centerville Road, Wilmington, Delaware 19808. Ex. 2 ¶32. The server for the luc.gerard@tribeca.com.co email address "acknowledged receipt of the email." *Id.*[2]

27. Among other things, the Arbitrator used this process to:

- Request advancement of arbitration expenses from Strategos, Ex. 2 ¶32;

- Acknowledge receipt of expense advancement from Spineway, Ex. 2 ¶35;

- Set a deadline for the advancement of arbitration expenses, Ex. 2 ¶36;

- Correspond with Strategos about organizing the arbitration proceedings, Ex. 2 ¶¶39, 41, 55;

- Deliver agendas and organizational meeting minutes to Strategos, Ex. 2 ¶¶44, 55, 56;

- Communicate with Strategos regarding scheduling issues, Ex. 2 ¶45;

- Acknowledge receipt of Spineway's Statement of Claim and to remind Strategos that it must respond to the Statement of Claim, Ex. 2 ¶49;

- Correspond with Strategos about discovery issues, Ex. 2 ¶53;

- Communicate with Strategos about hearing guidelines, Ex. 2 ¶58;

- Seek a statement of costs Strategos incurred in connection with the arbitration proceedings, Ex. 2 ¶62;

- Send Strategos a complete, verbatim copy of the transcript of the September 7, 2021 arbitration hearing, Ex. 2 ¶65;

- Notify Strategos that the arbitration proceedings had closed, Ex. 2 ¶68; and

---

[2] In addition, a month before the September 2021 arbitration hearing, the Arbitrator issued a case notification order, the purpose of which "was to obtain the participation of [Strategos] by notifying the case not only at his registered address and to his 'registered agent,' but also at the address of his representative in Colombia." Ex. 2 ¶60.

- Notify Strategos that the Arbitrator had issued the Final Award and that a copy of it was being sent to the parties by courier. Ex. 7.

28. Notably, the Arbitrator's correspondence with Strategos "specified that the non-payment of the expense advance did not prevent [Strategos] from taking part in the proceedings, and invited [Strategos] to do so. This invitation to [Strategos] to take part in the proceedings was generally repeated in formal letters sent to the Parties." Ex. 2 ¶39.

29. Spineway also used this process when serving Strategos with copies of its arbitration filings.

30. Notwithstanding these efforts, Strategos did not take an active role in the arbitration proceedings and "remained silent and passive all throughout the procedure." Ex. 2 ¶¶10, 271.

31. On January 20, 2022, the Arbitrator issued the Final Award. The Final Award concluded that the Contract was terminated due to the parties' failure to enter a partnership agreement, Ex. 2 ¶224, and that "the Parties have the obligation to return the performance already carried out under the Contract," *id.* ¶227. The Final Award ordered Strategos to "return to [Spineway] the sum of EUR 4,160,000 paid as partial price under the Contract, since it was rescinded," *id.* ¶228, pay interest due on the €4,160,000 from October 23, 2019 through the date of payment, Ex. 2 ¶259, and pay 143,820.05 Swiss francs and €105,314.20 for the costs and legal fees Spineway incurred in the arbitration proceeding, Ex. 2 ¶290.

32. The Arbitrator denied Spineway's request for an award of €252,329 in expenses Spineway incurred to negotiate and execute the Contract and perform certain activities related thereto. Ex. 2 ¶¶247, 260(ii).[3]

---

[3] The Arbitrator also rejected Spineway's argument that Article 3.4 of the Contract should be viewed as a "resolutory clause" as opposed to a "resolutory condition." Ex. 2 ¶¶151-168 and page

33. On March 1, 2022, a Swiss court issued a letter stating that "no appeal has been registered with us against the final arbitration judgment issued by the Arbitral Tribunal sitting in Geneva on 20 January 2022 (proceedings 300515-2020) in the case SPINEWAY SA vs STRATEGOS GROUP LLC." Ex. 8.  On March 4, 2022, the Swiss Arbitration Centre sent the parties a letter confirming that the Final Award is final and binding on the parties.  Ex. 9.

## COUNT ONE
### (Confirmation of the Award under 9 U.S.C. § 207)

34. Spineway incorporates by reference the allegations and arguments in the foregoing paragraphs and in the Opening Brief in Support of this Petition and Motion.

35. The Final Award is a final binding adjudication of all liability and damages issues in the arbitration.

36. The Final Award should be confirmed under 9 U.S.C. § 207.

Dated:  December 22, 2022

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ Todd C. Schiltz
Todd C. Schiltz (#3253)
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801
todd.schiltz@faegredrinker.com
(302) 467-4200

*Attorneys for Spineway SA*

---

42 of 83 (Spineway "favors the characterization as resolutory clause instead of resolutory condition").

10